UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA SHARKE,

        Plaintiff,

Case No. 8:12-cv-589-T-24-AEP

v.

MIDNIGHT VELVET, INC.,

        Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Attorneys' Fees and Costs. [Doc. 21]. Defendant opposes the motion. [Doc. 27].

**I.  BACKGROUND**

On March 19, 2012, Plaintiff filed a one-count complaint against Defendant, alleging Defendant's billing statement violated the Truth in Lending Act ("TILA"). [Doc. 1]. Defendant answered the complaint, the parties engaged in discovery, and Defendant filed a motion for summary judgment. On October 9, 2012, the parties settled this case at mediation—and Defendant withdrew its summary judgment motion two days later—but they disagreed on the amount of attorneys' fees to be awarded to Plaintiff's counsel. [Docs. 15, 16]. Thus, Plaintiff filed the instant motion requesting $7,670.00 in attorneys' fees and $720.32 in costs. Defendant objects to the requested attorneys' fees amount but agrees to the amount of costs.

**II.  STANDARD**

The starting point in determining reasonable attorney's fees is the lodestar, which is the number of hours reasonably expended on the case multiplied by a reasonable hourly rate. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citation

omitted).  Plaintiff "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Id.* at 1303 (citation omitted).

### III.   DISCUSSION

#### A. Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299.  Plaintiff "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Id*.  However, the Court is an expert on this matter and may "consider its own knowledge and experience concerning reasonable and proper fees" and "form an independent judgment . . . without the aid of witnesses." *Id.* at 1303.

Here, Plaintiff fails to meet its burden of providing satisfactory evidence.  Satisfactory evidence "necessarily must speak to rates actually billed and paid in similar lawsuits" and requires more than affidavits from Plaintiff's attorneys attesting that the requested fee is reasonable.  *Id.*  For this reason, the provided declarations of Plaintiff's attorneys—conclusively stating that their respective fees are reasonable—do not constitute satisfactory evidence. [Doc. 21, Ex. P].  Likewise, the provided declarations of two consumer rights attorneys—also conclusively stating that the claimed rates for Plaintiff's attorneys, "paralegals, law clerks, and legal assistants" are reasonable—are not satisfactory evidence. [Doc. 22, Friedman Decl. at ¶¶ 8-9; *id*., Trigsted Decl. at ¶¶ 8-9].

The declarations of the two consumer rights attorneys are insufficient for another reason: both are out-of-state attorneys but neither indicates familiarity with the hourly rates in the relevant legal community, the Middle District of Florida.  *See ACLU of Ga. v. Barnes,* 168 F.3d 423, 437 (11th Cir. 1999) (the relevant market is "the place where the case is filed").  Plaintiff

cannot substantiate the reasonableness of requested rates in the Middle District of Florida based on market rates in jurisdictions elsewhere. Thus, the out-of-state cases—applying the market rates for the Southern District of Ohio, Eastern District of New York, Eastern District of Louisiana, Northern District of Texas, and Southern District of Texas—are also not helpful here.

Nor do the two cited surveys—the "Laffey Matrix" prepared by the United States Attorney's Office for the District of Columbia and the Consumer Law Attorney Survey of billing rates in the United States—substantiate Plaintiff's attorneys' requested hourly rates in the Middle District of Florida. Further, this district has rejected reliance on these surveys. *See Raimondi v. Zakheim & Lavrar, P.A.*, 2012 WL 1382255, at *6 (M.D. Fla. Apr. 5, 2012) (collecting Middle District of Florida cases rejecting reliance on the Consumer Law Attorney Survey); *Cook v. Law Offices of Forster & Garbus*, 2010 WL 494143, at *3 (M.D. Fla. Nov. 3, 2010) ("the Laffey Matrix is not reflective of prevailing market rates in the Middle District of Florida").

In light of Plaintiff's failure to meet its burden, the Court will determine the applicable reasonable hourly rates based on its own expertise and judgment.

### 1. Managing Partner

The Court finds that the requested hourly rate of $335.00 for managing partner, Alex Weisberg, is excessive for a straightforward TILA action involving no novel issues.

According to the firm biography attached to Plaintiff's motion, Weisberg has practiced law, and focused his practice exclusively on consumer rights litigation, for over 12 years. [Doc. 21, Ex. O]. Courts have found that the reasonable hourly rate is less than $335.00 for attorneys with similar or more experience to handle consumer protection actions in the Middle District of Florida. *See Hepsen v. J.C. Christensen and Assocs., Inc.*, 394 Fed. Appx. 597, 599 (11th Cir. 2010) (affirming finding that $300.00 was a reasonable rate for lead counsel—with 25 years of

experience in consumer law—in a Fair Debt Collection Practices Act ("FDCPA") trial in the Middle District of Florida's Tampa division); *Schoonover v. Receivables Perf. Mgmt.*, No. 8:11-cv-00118-T-37-EAJ (M.D. Fla. Nov. 28, 2011) (finding $250.00 was reasonable rate for attorney practicing 15 years, with 10 years focused on the FDCPA, for FDCPA action in Tampa). Similarly, this Court has found $300.00 to be reasonable for lead counsel in an FDCPA action. *See Winkler v. CACH, LLC*, 8:11-cv-2358-T-24-AEP (M.D. Fla. July 2, 2012) (rejecting requested $350.00 rate).

Plaintiff contends *Sparks v. H&P Capital, Inc.*, No. 11-62145-CIV (S.D. Fla. 2012), supports its requested rate in this case. However, *Sparks* found Weisberg's requested $335.00 rate was within the range of prevailing market rates in the Southern District of Florida, not the Middle District of Florida. Other cases have found that Weisberg's reasonable hourly rate is less than $335.00 for consumer protection actions in the Middle District of Florida. *See Raimondi*, 2012 WL 1382255, at *6 (rejecting requested $335.00 hourly rate and finding $250.00 was reasonable rate for Weisberg in FDCPA and FCCPA action); *Cook*, 2010 WL 494143, at *4 (finding $275.00 was reasonable rate for Weisberg in FDCPA action).

Based on the foregoing and its own expertise and judgment, the Court finds that $300.00 is a reasonable hourly rate for Weisberg.

### 2. Associates and local counsel

Plaintiff fails to provide sufficient information regarding the skills, experience, and reputation of the remaining six attorneys seeking fees in this case. Although Plaintiff provides a firm biography for associates Matthew Sullivan and Robert Lamb, the biographies merely state that Sullivan graduated from law school in 2008 and Lamb joined the firm in 2011. [Doc. 21, Ex. O]. The Court cannot determine how long each practiced law or focused on consumer law

and thus finds these biographies unsatisfactory evidence for analyzing the reasonableness of the requested rates of $225.00 for Sullivan and $175.00 for Lamb.  As for local counsel Ted Greene and associates Jose Gill, Andrew High, and Christopher Fagan—all requesting a $175.00 rate—Plaintiff provides no information regarding their skills, experience, and reputation.

Thus, the Court will determine the rate based on its expertise and knowledge of fees customarily charged in the Middle District of Florida for similar actions.  Defendant cites to Middle District of Florida cases determining the attorneys' fees for Weisberg & Meyers associates in consumer protection cases.  *See Cook*, 2010 WL 494143, at *4 (finding $175.00 was a reasonable rate in an FDCPA case for Weisberg & Meyers' attorney with four to six years of experience).  Defendant also cites to such cases involving other firms. *See  Schoonover*, No. 8:11-cv-00118-T-37-EAJ, at 6 (where Court was given insufficient information regarding several attorneys' skill and experience, finding $200.00 hourly rate to be reasonable for one-count FDCPA action); *Selby v. Christian Nichols & Assocs., Inc.*, 2010 WL 745748, at *5 (M.D. Fla. Feb. 26, 2010) (same).

The Court finds that the requested hourly rate of $175.00 for associates and local counsel is reasonable but that $225.00 for Sullivan is not.  Accordingly, the reasonable hourly rate is $175.00 for all associates, including Sullivan, and local counsel.

### 3. Law clerks and paralegals

Likewise, the Court finds the requested paralegal and law clerk rates of $135.00 per hour somewhat excessive.  Based on its own expertise and knowledge, the Court finds that $100.00 is a reasonable rate for law clerks and paralegals in similar actions in the Middle District of Florida. *See, e.g., Schoonover*, No. 8:11-cv-00118-T-37-EAJ, at 6 ($95.00 for paralegal in one-count FDCPA action); *Cook*, 2010 WL 494143, at *4 ($100.00 for law clerk and $95.00 for paralegal

employed with Weisberg & Meyers); *Selby*, 2010 WL 745748, at *6 ($95.00 for paralegal in one-count FDCPA action). Accordingly, the Court finds that the reasonable hourly rate is $100.00 for law clerks and paralegals.

To summarize, the Court finds that the reasonable hourly rates are as follows:

| Timekeeper | Title | Sought Rate | Reasonable Rate |
|---|---|---|---|
| Alex Weisberg | Managing Partner | $335.00 | $300.00 |
| Matthew Sullivan | Associate | $225.00 | $175.00 |
| Jose Gill | Associate | $175.00 | $175.00 |
| Robert J. Lamb | Associate | $175.00 | $175.00 |
| Andrew High | Associate | $175.00 | $175.00 |
| Christopher Fagan | Associate | $175.00 | $175.00 |
| Ted Greene | Local Counsel | $175.00 | $175.00 |
| Jeanette Soto | Paralegal | $135.00 | $100.00 |
| Kathleen Lotz | Law clerk | $135.00 | $100.00 |
| Jeremy Shir | Law clerk | $135.00 | $100.00 |
| Elizabeth Brown | Paralegal | $135.00 | $100.00 |
| Joyceann Brown | Paralegal | $135.00 | $100.00 |
| Sonya Rodriguez | Paralegal | $135.00 | $100.00 |

**B. Reasonable Hours Expended**

Next, the Court must determine the amount of hours reasonably expended on this case. Time spent on clerical tasks is not recoverable at an attorney's rate. *Norman,* 836 F.2d at 1306. Defendant contends Plaintiff's statement of services reflects clerical tasks. Upon review and consideration, the Courts finds the following entries contain time spent on clerical tasks and reduces the number of hours accordingly:

| Date | Timekeeper | Entry | Time Sought | Reduced By |
|---|---|---|---|---|
| October 28, 2011 | Brown, Joyceann | reviewed pnc file, follow up for signed contract; f/u with pnc via phone; memo to file | 0.1 | 0.1 |
| November 9, 2011 | Fagan, Chris | Conference with client - evidence confirms actionable claim; review terms of representation and confirm attorney/client agreement; enter client to Amicus DB; prepare summary of facts and violations for file; memo to open Amicus litigation file. | 0.9 | 0.3 |

| Date | Name | Description | | |
|---|---|---|---|---|
| November 18, 2011 | Brown, Elizabeth | Open File Paralegal- brief meeting with attorney to discuss file; review factual summary and prepare notice letter to the defense; prepare letter to client confirming representation and with guidelines and information to follow during case; review with partner; forward to R&O department. | 0.7 | 0.1 |
| November 22, 2011 | Brown, Elizabeth | Complete file opening Process - received draft opening package from intake; review; forward to responsible attorney for final review and forward notice to defense with welcome to client. | 0.2 | 0.2 |
| November 22, 2011 | Weisberg, Alex | Open File Partner - confirm status of collector via DB/Internet, review online postings re blogs and any notable recent suits; quick review local binding law for new developments; review enter client into database with all relevant information; prepare amicus precedent to track litigation progress and status; review and revise notice letter. | 0.9 | 0.2 |
| February 15, 2012 | Lamb, Robert J. | Reviewed file (.1); research on where to file (.1); research on TILA violation (.2); research on damages (.2); drafted parties section (.2); drafted factual allegation section (.2); drafted counts (.3); filled out Civil Cover Sheet and Summons (.1). | 1.4 | 0.1 |
| March 14, 2012 | Soto, Jeannette | Performed online search to get registered agent for defendant (.1); prepare Summons (.2); prepare cover sheets (.1); final review of complaint and prepare for filing (.2); prepare cover letter to Court (.1). | 0.7 | 0.2 |
| March 21, 2012 | Soto, Jeannette | prepared letter to process server and sent with copy of complaint to be served (.2). | 0.2 | 0.2 |
| June 8, 2012 | Shir, Jeremy | Received Jose's edits of Plaintiff's Initial Disclosure Statement: accepted changes and emailed RJ for further review. | 0.1 | 0.1 |
| June 25, 2012 | Soto, Jeannette | Send email to OC suggesting mediator. | 0.1 | 0.1 |
| June 27, 2012 | Soto, Jeannette | Send email to OC to suggest mediator again. | 0.1 | 0.1 |
| July 11, 2012 | Soto, Jeannette | Select mediator and file Stipulation. | 0.3 | 0.3 |
| July 30, 2012 | Soto, Jeannette | Obtain mediation dates and forward to OC, prepared memo to file for follow up. | 0.2 | 0.2 |
| August 6, 2012 | Soto, Jeannette | Send email to OC with possible mediation dates. | 0.1 | 0.1 |
| August 6, 2012 | Soto, Jeannette | Review email from OC and respond after speaking to Alex. | 0.2 | 0.2 |

| | | | | |
|---|---|---|---|---|
| August 6, 2012 | Soto, Jeannette | Emails with OC re proposed mediation dates. | 0.1 | 0.1 |
| August 8, 2012 | Soto, Jeannette | Send email to OC to coordinate mediation, prepared memo to file for follow up. | 0.1 | 0.1 |
| August 13, 2012 | Soto, Jeannette | Send email to OC to see if we can schedule mediation for 10-9. | 0.1 | 0.1 |
| August 15, 2012 | Soto, Jeannette | Email mediator to request mediation time. Prepared memo to file. | 0.2 | 0.2 |
| August 16, 2012 | Soto, Jeannette | Schedule mediation, prepare and file Notice of Mediation. | 0.4 | 0.2 |
| August 28, 2012 | Lotz, Kathleen | Motion for Client to Appear Telephonically at Mediation – emailed opposing counsel asking for response as to whether he opposes the motion (.2); received email in response. Saved to client file (.1). | 0.3 | 0.1 |
| September 13, 2012 | Lotz, Kathleen | Prepare Mediation packet - reviewed case file and documents (.2); drafted letter to mediator (.1); printed and prepared for mailing (.1). | 0.4 | 0.1 |
| | | **TOTAL** | **7.8** | **3.4** |

The Court also excludes "excessive, redundant or otherwise unnecessary hours." *Norman,* 836 F.2d at 1301 (internal quotation marks omitted). To this end, Defendant contends that 10.3 hours is an excessive amount of time for preparing interrogatories, requests for production, requests for admission, and a letter to Defendant seeking to compel responses to specific discovery requests. Upon review of the relevant entries, the Court disagrees.

However, the Court agrees with Defendant that spending 3.3 hours to prepare the Unopposed Motion for Leave to Appear Telephonically at Mediation (which the Court denied) is excessive.[1] [Docs. 10, 11]. This is a simple task that does not require conferring and review by multiple persons. The Court also agrees that time spent researching and outlining a response to Defendant's motion for summary judgment is unnecessary where, the day before, the parties settled the case, leaving only the issue of attorney's fees unresolved. [Doc. 15]. Finally, the Court finds that the amount of time spent on the Unopposed Motion for Extension of Time to

---

[1] This Court has already found that Kathleen Lotz's August 28, 2012 entry for 0.3 hours of work relating to this motion contains clerical tasks and reduced the amount of time by 0.1 hours. *See infra* § III.B.

8

respond to Defendant's summary judgment motion is excessive. [Doc. 14]. This motion does not require 1.8 hours of work from a paralegal and an attorney.

In light of the foregoing, the Court finds the following entries reflect time in excess of what is reasonable and reduces the number of hours accordingly:

| Date | Time-keeper | Entry | Time Sought | Reduced By |
|---|---|---|---|---|
| August 24, 2012 | Sullivan, Matt | Prepare Motion for client to appear telephonically at mediation - received email from K Lotz with draft Motion (0.1); review draft Motion and annotate with suggested revisions/additions (0.3); email to K Lotz (0.1). | 0.5 | 0.5 |
| August 24, 2012 | Lotz, Kathleen | Reviewed case file and documents (.4); drafted motion to appear telephonically (.6); revised per Matt (.4); drafted opposing counsel email in attempt to confer in good faith (.2). | 1.6 | 1.1 |
| August 30, 2012 | Lotz, Kathleen | Motion for Client to Appear Telephonically at Mediation- revised draft per Alex's instructions | 0.7 | 0.7 |
| September 11, 2012 | Lotz, Kathleen | Finalized and filed Motion for client to appear telephonically at mediation. | 0.2 | 0.2 |
| October 8, 2012 | Rodriguez, Sonya | Received Stipulation for Extension of Time to respond to Defendant's Motion for Summary Judgment. Edited for filing purposes, sent to Andrew to approve edits, converted to PDF and filed with CM/ECF. | 0.3 | 0.3[2] |
| October 9, 2012 | High, Andrew | Researched motion for summary judgment and read the books I received from Jose Gill (1.3); outlined our response to their Motion for Summary Judgment (1.0). | 1.0 | 1.0 |
| October 10, 2012 | High, Andrew | Drafting joint stipulated order and proposed order for an extension of time (0.5); speaking with Aaron about proposed order (0.1); researching TILA fee shifting, re-drafting and sending to Aaron for corrections (0.5); final edits of the joint stipulation to extend time, sending to OC (0.2); confirming can file with consent from OC, saving emails to file, getting final approval from Alex, sending to Sonya to file, updating Aaron that joint stipulated order was filed per Sonya (0.2). | 1.5 | 0.7 |
| | | **TOTAL** | **5.8** | **4.5** |

---

[2] This entry is also improper for containing clerical tasks.

### C. Calculation of Lodestar

The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. The below shows each timekeeper's total reasonable time and reasonable rate used to calculate the lodestar:

| Timekeeper | Title | Total Time Sought | Total Reduction | Total Reasonable Time | Reasonable Rate | Lodestar |
| --- | --- | --- | --- | --- | --- | --- |
| Alex Weisberg | Managing Partner | 4.6 | 0.2 | 4.4 | $300.00 | $1,320.00 |
| Matthew Sullivan | Associate | 1.6 | 0.5 | 1.1 | $175.00 | $192.50 |
| Jose Gill | Associate | 6.7 | 0.0 | 6.7 | $175.00 | $1,172.50 |
| Robert J. Lamb | Associate | 1.8 | 0.1 | 1.7 | $175.00 | $297.50 |
| Andrew High | Associate | 4.4 | 1.7 | 2.7 | $175.00 | $472.50 |
| Christopher Fagan | Associate | 2.2 | 0.3 | 1.9 | $175.00 | $332.50 |
| Ted Greene | Local Counsel | 5.6 | 0.0 | 5.6 | $175.00 | $980.00 |
| Jeanette Soto | Paralegal | 3.1 | 2.2 | 1.0 | $100.00 | $100.00 |
| Law Clerks | Law clerk | 11.3 | 2.3 | 9.0 | $100.00 | $900.00 |
| Elizabeth Brown | Paralegal | 1.1 | 0.3 | 0.8 | $100.00 | $80.00 |
| Joyceann Brown | Paralegal | 0.1 | 0.1 | 0.0 | $100.00 | $0.00 |
| Sonya Rodriguez | Paralegal | 0.3 | 0.3 | 0.0 | $100.00 | $0.00 |
| **TOTAL** | | **42.8** | **7.9** | **34.9** | | **$5,847.50** |

### D. Reduction in Lodestar

The final step is to determine whether a further reduction is warranted based on the results obtained. *See Norman*, 836 F.2d at 1302. If Plaintiff was successful, the Court should "compensate for all hours reasonably expended." *Id.* (citation omitted). However, the lodestar must be reduced to reflect partial or limited success. *Id.*

Defendant contends the lodestar should be reduced to $2,000.00 for engaging in "delay or sabotage of [an] achievable settlement" by failing to accept Defendant's prior settlement offer of $2,000.00. [Doc. 27 at 17]. However, given that the parties were within $1,000.00 of settling without Defendant needing to file an answer, [Doc. 21, Ex. G], the Court cannot say which party's actions impeded reaching an achievable settlement at that time. The Court declines to further reduce the lodestar amount based on this reason.

## IV. CONCLUSION

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Attorneys' Fees and Costs [Doc. 21] is **GRANTED TO THE EXTENT THAT** Plaintiff is awarded $5,847.50 in attorneys' fees and $720.32 in costs.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of June, 2013.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record

11